CASE No. 786.

STATE v. CORLEY.

1. So much of Chapter CXXIX., Section 12, of General Statutes, as relates to live stock, is repealed by the third section of the act of March 22d, 1878. 16 Stat. 631.
2. Since this statute, the larceny of a cow, although below the value of $20, is punishable by imprisonment in the penitentiary, and is within the jurisdiction of the Court of General Sessions.
3. Where the jury return an incomplete verdict, the judge may, before it is recorded and before the jury have dispersed, direct them to retire to their rooms to reconsider it; and a subsequent verdict is valid.

Before FRASER, J., Orangeburg, May, 1879.

The defendant, Erwin Corley, was indicted for stealing a cow of the value of $12. One count laid the property in a person

---

* The cases in which the name of Associate Justice McGOWAN does not appear, were heard before his qualification.

A

named, and another count in some person or persons to the jurors unknown. The jury, after retiring, dispersed for the night by the consent of the solicitor and defendant's counsel, and returned into court the next morning their sealed verdict, which read, "guilty of killing an unknown cow," and was signed by the foreman. The presiding judge held that the verdict was incomplete, and directed the jury to retire and reconsider it. To this defendant excepted. The jury returned with a verdict of guilty. Defendant objected to its publication or record, and, being overruled, excepted.

Defendant moved in arrest of judgment upon the grounds, (1) that by reason of the value of the cow being laid under $20, the court had no jurisdiction of the alleged crime; and (2) that the verdict first rendered amounted to a verdict of acquittal. The motion was overruled, and the prisoner was sentenced to imprisonment in the penitentiary and to pay a fine of $1. Defendant appealed.

*Messrs. Knowlton & Lathrop,* for appellant.

The crime charged is petit larceny, under Chapter CXXIX., Section 12, of General Statutes. 14 *Rich.* 163. This section is not repealed by act of 1878. Repeals by implication are not favored, and if two acts can stand together, they shall do so. 1 *Bl. Com.* 90; *Broom's Leg. Max.* 29; 14 *Rich.* 247. There are no negative words nor repealing clause in the act of 1878, hence it should be held applicable only where the live stock is of the value of $20, other cases being governed by the former law. These acts are *in pari materia,* and should be taken and construed together. 1 *Kent* 463; *Dwar. on Stat.* 569; 2 *Bail.* 554. For other rules of construction applicable to this case, 1 *Kent* 464; 4 *Bl. Com.* 229; *Dwar. on Stat.* 770; 2 *S. C.* 404; and 6 *Id.* 464, were cited.

*Mr. Solicitor Jervey,* for respondent.

January 7th, 1880. The opinion of the court was delivered by

McIVER, A. J. The defendant was convicted in the Court of General Sessions of larceny, in stealing a cow of the value of $12.

A motion in arrest of judgment was made, upon the ground that the Court of General Sessions had no jurisdiction of the offence charged, and, upon that motion being refused by the Circuit Court, it is renewed here by this appeal.

The solution of this question depends entirely upon the determination of the question, whether so much of Section 12, Chapter CXXIX., of the General Statutes, as relates to the larceny of live stock, is repealed by the act of March 22d, 1878. 16 *Stat.* 631. That act does not, in express terms, repeal the section above referred to, and, if it operates as a repeal, it must be by implication. While it is quite true that repeals by implication are not favored, it is equally true that one act may repeal another by implication only. A striking instance of this, followed by the most unlooked-for results, may be found in the repeal of the act of 1789, prescribing the punishment for cow-stealing, by the act of 1866. *State* v. *Thomas,* 14 *Rich.* 163. There must, however, be a *necessary* implication; for, to repeal a statute by implication, there must be such a positive repugnancy between the provisions of the new law and of the old, that they cannot be reconciled. *Potter's Dwar. on Stat.* 154, *et seq.* Every affirmative statute is a repeal of a precedent affirmative statute where its matter is so clearly repugnant that it necessarily implies a negative. 1 *Bl. Com.* 89. So, too, where a statute covers the subject matter of a former statute, and prescribes different penalties from those enumerated in the old law, it is, by necessary implication, a repeal of the former statute. *Norris* v. *Crocker,* 13 *How.* (*U. S.*) 429. But, after all, the real question is, what was the intention of the law-making power, as it may be gathered from the terms of the statute? Now, to apply these principles to the act under consideration. Its title is an act to *amend* the criminal law, showing that the intention of the legislature was to introduce some change in that branch of the law, either by adding to or altering it. On looking into the special provisions of the act, we do not find anything that may be called an addition to the criminal law—no new offence being created, and no new modes of procedure being prescribed, but we only find provision for altering what had before been the law, and that, too, in the single matter of the measure of punishment prescribed for

certain offences. The first section provides for an increase of the punishment for the offences of arson and rape; the second for an increase of the punishment for the offence of burglary at common law; and the third for an increase of the punishment in cases of larceny of live stock. Now, when it is remembered that the criminal jurisdiction of a justice of the peace or other inferior tribunal, is measured only by the nature and amount of the punishment, and not by the nature of the offence, (*Const., Art. I.,* § 19; *Art. IV.,* § 22,) and when we find the general assembly *amending* the criminal law for the sole purpose of *increasing* the punishment prescribed for certain offences, by which increase the limits assigned to the jurisdiction of "a justice of the peace or other officer authorized by law" are exceeded, the conclusion is irresistible that the general assembly must have intended to place such offences beyond the jurisdiction of those inferior tribunals.

Again, here is an affirmative statute which, by its terms, necessarily implies a negative. It prescribes that "any person found guilty of the larceny of any horse, mule, cow, hog or any other live stock, shall suffer imprisonment in the state penitentiary," &c. It necessarily negatives the idea that a person found guilty of such an offence could be lawfully punished in any other way. The language is, "*any* horse, mule, cow," &c., not any such animal above or below a specified value; and it is difficult to understand by what authority a court of justice could interpolate into the statutes, as the argument of appellant necessarily demands, the words "of or above the value of twenty dollars."

It seems also that it has always been the policy of this state to treat the larceny of certain domesticated animals as a distinct and separate subject matter from the larceny of other species of property, as is evidenced by the various acts in relation to horse, cow and hog-stealing. Now this act of March 22d, 1878, is a new statute, covering the whole subject matter of the larceny of such animals, and prescribes different penalties from those provided for in the former laws on the same subject, and hence, under the rule laid down in *Norris* v. *Crocker, supra,* the latter must be regarded as a repeal of the former.

The other ground of appeal seems to have been abandoned;

and very properly, too, as it is manifest that it could not be sustained. The power of the court to allow a jury to correct informalities in their verdict before it is recorded, and before the jury have dispersed, is undoubted.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., and McGOWAN, A. J., concurred.